The complaint is for damages because of the defendant's breach of the contract. Proof of the facts just recited was offered, and it was established that because of defendant's failure to obtain the extension the plaintiff was compelled to and did obtain another mortgage, with whose proceeds he paid off and discharged the mortgage of $3,000 mentioned in the agreement, and that the reasonable cost and expense thereof was $53.87. At the conclusion of this proof, the complaint was dismissed, and the plaintiff appeals.

The judgment must be reversed. The agreement to obtain an extension of the $3,000 mortgage was valid, and supported by abundant consideration. The measure of damages the plaintiff contended for was proper. It must have been within the reasonable contemplation of the parties at the time of making the contract that if the defendant failed to procure the extension of the mortgage, and the plaintiff could not then pay it without obtaining another loan in its place, he would be put to the expense incident to obtaining the money on another mortgage. The expense of searching and passing upon the title, of drawing the bond and mortgage and satisfaction, and of recording instruments incident to the transaction, flowed directly from and were made necessary by the breach of defendant's, contract.

The judgment must be reversed, and a new trial ordered; costs to abide the event. All.concur.

(109 App. Div. 170.)

## CASSASA v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. November 24, 1905.)

1. CARRIERS—INJURIES TO PASSENGERS—NEGLIGENCE.

Where a tray was upset over the clothing of a passenger in a dining car by another passenger as he arose from his seat, and the waiter who was carrying the tray admitted that if he had carried the tray at a greater height than he did the passenger would not have collided with it, and the proof showed that the car was very crowded, whether the waiter was guilty of negligence was a question of fact for the trial judge sitting without a jury.

2. SAME—DAMAGES.

Where, in a suit for injuries to plaintiff's clothing by the upsetting of a dining tray over the same, plaintiff claimed that three garments, a coat, waist, and skirt valued at $150, were ruined, but admitted that the coat was not damaged, a finding in her favor for $150 was excessive by the amount of the value of the coat.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Kathryn E. Cassasa against the New York Central & Hudson River Railroad Company. From a judgment of the Municipal Court of the City of New York in favor of plaintiff, defendant appeals. Modified.

Argued before BARTLETT, WOODWARD, HOOKER, RICH, and MILLER, JJ.

Charles C. Paulding (Robert A. Kutschbock, on the brief), for appellant.

Joseph J. Tuohy, for respondent.

WILLARD BARTLETT, J.   The plaintiff was a passenger from Albany to New York on the defendant's train, known as the "Empire State Express."   She has brought this action to charge the defendant corporation with liability for the negligence of one of its servants, a waiter employed in the dining car, in having carelessly upset a tray full of food and drink which he was carrying through the car in which she was seated, so that the contents of the tray fell upon her clothing and injured the same, to her damage in the sum of $150.   The evidence leaves little doubt that the tray was upset by another passenger, who rose from his seat and accidently struck it as the waiter was passing through the aisle.   The waiter himself admitted, however, that if he had carried the tray at a greater height than he did this other passenger would not have collided with it; and upon all the proof in the case I think that a question of fact was presented for decision by the Municipal Court justice as to whether the waiter exercised due care in his management of the tray under the conditions which prevailed in the car when the food and drink therefrom were overturned upon the plaintiff's dress.   The proof showed that the car was very crowded, the aisle being packed with passengers; and under all the circumstances the rising of a passenger from his seat was an incident reasonably to be anticipated, so that the obligation was imposed upon the waiter to exercise some degree of care to guard against just such an occurrence as actually happened.

While the proof sufficed, therefore, to sustain a recovery of some amount on account of the negligence of the waiter, I think that the sum awarded in the court below ($150) is larger than was warranted by the evidence.   The plaintiff claimed that three garments were rendered useless, a coat, a waist, and a skirt; and there was testimony tending to show that the value of all these articles, taken together, was $150.   The skirt was so much damaged as to be practically valueless.   The waist did not suffer so much, but was soiled and stained, so that an expert dressmaker testified that it could not be worn at all without the skirt, and that it would be impossible to match the goods.   The coat, however, was not damaged at all, as the plaintiff herself admitted; and the same expert witness estimated its value at $30.   This proof renders it apparent that the plaintiff should not have been awarded anything on account of injury to the coat, and its value should therefore be deducted from the amount of the recovery.

I advise a modification of the judgment by deducting $30 therefrom, and an affirmance of the judgment as thus modified, without costs of this appeal to either party.   All concur.